## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**DEANDRE HOPSON**                                                      **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:12CV-802-H**

**WEINBURG ATTORNEY'S AT LAW** *et al.*                                 **DEFENDANTS**


### MEMORANDUM OPINION

Plaintiff DeAndre Hopson filed a *pro se* complaint.[1]  Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2).  *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff filed this action against Weinburg Attorney's At Law, Adam Solinger, Susan Gibson, Benny Berry, and Judge Cunningham.  He alleges "obstruction of justice (18 U.S.C. 1501-1517 1503) Also For a False Claims Act of an illegal scheme (31 U.S.C. 3729-3733)."

Plaintiff claims that Defendants are "responsible for presenting false testimony to Jenniffer Coffman, to recieve a False claims Act against DeAndre Hopson and Also For illegally stoping a Federal revocation Hearing of Defendent Benny Berry, also obtaining a goverment seal Falsely knowingly and willingly that charge would be False."  He further claims that Defendants are "also working in conspiracy with commonwealth's attorney office to switch cases numbers around of DeAndre Hopson in Robbery and Assualt case of Benny Berry to cause case to be

_____

[1]The Court advises that this is one of approximately twenty cases that Plaintiff has filed in this Court since May 2012 with the majority of cases being filed since November 2012.  Many of his cases contain the same Defendants and assert similar and overlapping allegations.

Dismissed so they could even grant a False claims Act." He states that "Attorney has caused my Family to Be targeted For extortion, Black Mail, also tooken For many payouts to their world web of attorneys leaving Hopson wit no way to Defend Himself as law Firm never Discloses these Conflict of Intrest." He states that his children have been exploited and that "Attorneys" have tampered with witness Ruth Spencer, his children's mother. Finally, he alleges a "ponzi scheme of Attorneys shareing information from Defendents and plantiffs they represent" and a "Clandine Cell of Jewish people to control me in court proceedings."

Plaintiff alleges that his "career has been Haulted For Finical lost of over 2,000,000.00$" and that he has been stopped from "promot[ing] stoping the violence my goal to community and marketing my music 1,000,000.00$." He also alleges emotional distress and seeks punitive damages in the amount of $2 million, monetary damages in the amount of $2 million, and special damages in the amount of $2.5 million.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

### A.  *Obstruction of Justice*

Plaintiff alleges obstruction of justice under "(18 U.S.C. 1501-1517 1503)."  Sections 1501 through 1513 and 1515 through 1517 are federal criminal statutes which do not provide for private causes of action or civil remedies.  *See, e.g.*, *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) ("Hamilton possesses no private right of action against the defendants for alleged violations of 18 U.S.C. §§ 1505, 1506, and 1509."); *Marshall v. Green*, No. 3:10CV–224–H, 2010 WL 1959514, at *3 (W.D. Ky. May 17, 2010) ("Obstruction of justice is a criminal charge that does not provide a private cause of action.").  Moreover, the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors."  *Sahagian v. Dickey*,

646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."). As "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973), Plaintiff's obstruction-of-justice claims under §§ 1501 through 1513 and §§ 1515 through 1517 will be dismissed.

Sections 1514 and 1514A, however, are civil in nature. Section 1514 is the Victim and Witness Protection Act of 1982 ("VWPA") and provides that a "United States district court, *upon application of the attorney for the Government*, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds . . . that there are reasonable grounds to believe that harassment . . . exists . . . ." § 1514(a)(1) (emphasis added). "[U]nder the express provisions of the statute, only the attorney for the government can bring suit for VWPA violations." *Mann v. Gannett Co.*, No. 2:06CV888-MHT, 2007 WL 1668835, at *2 (M.D. Ala. June 8, 2007). Accordingly, Plaintiff cannot bring a claim under § 1514 and that claim will be dismissed.

Section 1514A is the "Sarbanes–Oxley Act's whistleblower protection provision [which] creates a private cause of action for employees of publicly-traded companies who are retaliated against for engaging in certain protected activity." *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1021 (D. Del. 2011). Plaintiff makes no allegation that he is an employee of any publicly-traded company or that any Defendant is a publicly-traded company. He, therefore,

4

fails to state a claim upon which relief may be granted under § 1514A and that claim will be dismissed.

### B. False Claims Act

Plaintiff alleges a violation of the False Claims Act ("FCA") under "(31 USC 3729-3733)."

"The FCA, 31 U.S.C. § 3729 *et seq.*, is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003). "[T]he FCA allows a private individual[, known as a relator,] to bring a lawsuit alleging FCA violations on behalf of the government, which is known as a *qui tam*[2] action." *Id.*; § 3730(b)(1) ("The action shall be brought in the name of the Government."); *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 n.5 (6th Cir. 2000) (noting that "the United States is the real-party-in-interest in FCA litigation").

Section § 1654 of title 28 of the United States Code provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ." § 1654. That statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) ("[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer."); *Eagle Assocs. v.*

---

[2]"*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 463 (2007).

*Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (advising that § 1654 "'does not allow for

unlicensed laymen to represent anyone else other than themselves'") (citation omitted).  Because

"a *qui tam* relator . . . sues on behalf of the government and not himself[, h]e therefore must

comply with the general rule prohibiting nonlawyers from representing other litigants."  *United*

*States ex rel. Szymczak v. Covenant Healthcare Sys., Inc.*, 207 F. App'x 731, 732 (7th Cir. 2006)

(citation omitted).  "Although the FCA does not expressly address whether a private individual

can bring a *qui tam* suit *pro se*, the courts that have considered the issue have uniformly held that

*pro se* relators may not prosecute *qui tam* actions."  *Brantley v. Title First Titling Agency*, No.

1:12-cv-608, 2012 WL 6725592, at *3 (S.D. Ohio Sept. 27, 2012) (listing cases);[3] *see also*

*Carter v. Washtenaw Cnty.*, No. 09–14994, 2010 WL 3222042, at *1 (E.D. Mich. Aug. 13, 2010)

("A litigant cannot, however, bring a qui tam action under the False Claims Act pro se."); *Zernik*

*v. U.S. Dep't of Justice*, 630 F. Supp. 2d 24, 27 (D.D.C. 2009) ("[P]ro se plaintiffs are not

qualified to represent the interests of the United States in such an action.").

Accordingly, because Plaintiff is proceeding *pro se* in this action, he is prohibited from

bringing an FCA claim, and that claim will be dismissed.

---

[3]*Jones v. Jindal*, 409 F. App'x 356 (D.C. Cir. 2011) (per curiam); *United States ex rel.*
*Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-94 (2nd Cir. 2008) (and cases cited therein); *Timson*
*v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *Rogers v. Sacramento Cnty.*, 293 F. App'x
466, 467 (9th Cir. 2008) (citing *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116,
1126-27 (9th Cir. 2007)); *United States ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x
802, 803 (4th Cir. 2007) (per curiam) (citing *United States ex rel. Lu v. Ou*, 368 F.3d 773, 775-
76 (7th Cir. 2004), *overruled on other grounds by United States ex rel. Eisenstein v. City of New*
*York*, 556 U.S. 928 (2009)); *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951).

### C. Rule 12(b)(1)

Finally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Plaintiff's allegations meet this standard.

For these reasons, the Court will dismiss this action by separate Order.

Date:

cc:    Plaintiff, *pro se*
4412.005

7